UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES T. HERVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-01276-CAS-NCC |
| ) | |
| CINDY GRIFFTH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motions for the Appointment of Counsel (Docs. 2, 7). On August 4, 2016, Petitioner filed a Motion for the Appointment of Counsel concurrently with his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 2). In his Motion, Petitioner indicates that he is unable to afford counsel, that the issues involved in this case are complex, and that he has limited access to legal materials (*Id.* at 1). On October 19, 2016, Petitioner filed a letter to the Clerk of Court explaining that he has problems reading and that the individual who helped him filed his case was no longer at his facility (Doc. 7). Petitioner additionally requested information regarding the status of his case and how to get a public defender (*Id.*). Accordingly, the Clerk of Court sent Petitioner a copy of his docket sheet and the Court will construe Petitioner's letter as a second request for the appointment of counsel. For the following reasons, the Court will deny Petitioner's requests for the appointment of counsel without prejudice.

The appointment of counsel for an indigent *pro se* petitioner lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28

U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Once Petitioner alleges a prima facie claim, the Court must determine Petitioner's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both Petitioner and the Court would benefit from the assistance of counsel. *Edwards v. Dwyer*, No. 1:06-CV-1 CAS, 2008 WL 222511, at *1 (E.D. Mo. Jan. 25, 2008). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), the Court does not believe that either the factual or legal issues are complex. Moreover, it appears to the Court that Petitioner is clearly capable of articulating and presenting his claims. For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Petitioner's motions should be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motions for the Appointment of Counsel (Docs. 2, 7) are **DENIED** without prejudice.

Dated this 2nd day of November, 2016.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE